# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JACKIE SUE RICKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  CIV-13-959-D |
| | ) | |
| CAROLYN W. COLVIN, acting | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant Acting Commissioner Carolyn W. Colvin (Commissioner) issued a final decision denying Jackie Sue Ricker's (Plaintiff) application for disability insurance benefits under the Social Security Act, and Plaintiff seeks judicial review under 42 U.S.C. § 405(g).  United States District Judge Timothy D. DeGiusti referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(3) and Fed. R. Civ. P. 72(b), and it is now before the undersigned Magistrate Judge.  The undersigned has reviewed the pleadings, administrative record (AR), and parties' briefs, and recommends that the court reverse and remand the matter for further proceedings.

## I.    Administrative proceedings.

Plaintiff sought a hearing by an Administrative Law Judge (ALJ) after the Social Security Administration (SSA) denied her claims for disability

benefits. AR 76-77. After hearing the testimony of Plaintiff, her husband, and a vocational expert, the ALJ found that Plaintiff is not disabled because, despite her impairments, she retains the ability to perform her past relevant work as either a "child welfare social worker" or a "director of human services." *Id.* at 29-30, 36-60. The SSA Appeals Council declined Plaintiff's request for review, *id.* at 1-6, and Plaintiff now seeks review in this Court. Doc. 1.

## II. Disability determination.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps). Under this sequential procedure, Plaintiff bears the initial burden of proving she has one or more severe impairments. *See* 20 C.F.R. § 404.1512; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If she succeeds, the ALJ makes a residual functional capacity (RFC)[1]

---

[1] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

assessment at step four to determine what Plaintiff can still do despite her impairments. *See* 20 C.F.R. §§ 404.1545(e); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1048 (10th Cir. 1993). Then, if Plaintiff shows she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

## III.  Plaintiff's claims of error.

The undersigned recommends remand because the ALJ committed legal error in applying the three-phase step four analysis regarding Plaintiff's past relevant work. The undersigned will not address Plaintiff's remaining claims of error. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

## IV.  Standard for review.

This Court's review is limited to whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards. *See Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted). Reversal

is necessary if the ALJ failed to provide this court with a sufficient basis to determine that appropriate legal principles have been followed. *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (citations omitted).

## V. Analysis.

### A. Step four error.

#### 1. The law.

"Step four of the sequential analysis . . . is comprised of three phases." *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). "In the first phase, the ALJ must evaluate a claimant's physical and mental [RFC], and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work." *Id.* (citation omitted). "In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." *Id.* "At each of these phases, the ALJ must make specific findings." *Id.* Those findings must be supported by substantial evidence. *Best-Willie v. Colvin*, 514 F. App'x 728, 737 (10th Cir. 2013).

#### 2. The ALJ's findings.

In the first phase of step four, the ALJ found Plaintiff had the RFC to perform light work, except she can only occasionally stoop. AR 26. In phases two and three, the ALJ found:

The vocational expert testified that the claimant has past work as a crime prevention specialist (medium, skilled at [specific vocational preparation (SVP)]6), child welfare social worker (sedentary, skilled at SVP7), and director of human services (sedentary, skilled at SVP8).

In order to be considered past relevant work, a job must have been done within the past fifteen years, lasted long enough for the individual to learn how to do the job, and been substantial gainful activity (20 CFR 404.1560(a)(1)). The claimant testified that she worked in these three jobs during the last fifteen years: 1997 to 1999 (crime prevention specialist); 1999 to 2004 (child welfare social worker); and 2004 to 2010 (director of human services). Based on the testimony of the claimant and the vocational expert, the time the claimant spent working at each of these three jobs meets the duration requirement, as skilled work at SVP6 requires at least over one year to learn; skilled work at SVP7 requires at least over 2 years to learn; and skilled work at SVP8 requires at least over 4 years to learn (Dictionary of Occupational Titles Fourth Ed., Appendix C). Finally, the claimant's earnings record shows that the claimant worked at substantial gainful activity levels for the required duration at each of the three jobs (Exs. 8D/3-5; 9D/2). Therefore, the undersigned finds that the claimant's past work as described by the vocational expert satisfies the necessary requirements to be considered past relevant work.

The undersigned asked the vocational expert whether an individual with the claimant's age, education, work experience, and residual functional capacity could perform any of the claimant's past relevant work. *The vocational expert testified that such an individual would be able to perform the jobs of a child welfare social worker and director of human services. Therefore, the undersigned finds that the claimant can perform her past relevant work as a child welfare social worker and director of human services as generally and actually performed.*

The vocational expert's testimony is consistent with the information contained in the *Dictionary of Occupational Titles* (D.O.T.), as required by SSR 00-04p.

*Id.* at 29-30 (emphasis added). So, the ALJ determined at step four that Plaintiff "was capable of performing past relevant work as a child welfare social worker and director of human services." *Id.* at 29.

### 3. Application of the law.

Plaintiff argues that the "ALJ did not inquire, nor did he request the relevant DOT numbers for [Plaintiff's] PRW, and as a result, the ALJ failed to make the necessary findings for phase two of the step four analysis – the determination of the mental and physical demands of a claimant's PRW." Doc. 13, at 15.[2] Because "[e]ach phase of the step four analysis requires the ALJ to make specific findings on the record to allow for meaningful review," Plaintiff argues, and because "the ALJ cannot delegate [his] factfinding responsibilities to the VE," the ALJ committed reversible error. *Id.* at 16.

The undersigned concludes that the ALJ failed to make the required phase-two findings. *Sissom v. Colvin*, 512 F. App'x 762, 768-70 (10th Cir. 2013).

> Because the scope of jobs at step four is limited to the claimant's PRW, it is feasible for an ALJ at this step to make specific findings about the mental and physical demands of the jobs at issue and determine whether the claimant can still meet those demands. *Id.* An "ALJ may rely on information supplied by the VE at step four, [but] the ALJ himself must make the required findings on the record, including his own evaluation of the claimant's ability to perform [her] past relevant work." *Id.*

---

[2]     Page citations to the Petition are in sequential order and reflect this court's CM-ECF pagination.

*Id.* at 769 (citing and quoting *Winfrey*, 92 F.3d at 1025).

And, as in *Sissom*, the ALJ's inadequate findings at phase two "naturally compromised" his phase three findings. *Id.* At phase three, "the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." *Winfrey*, 92 F.3d at 1023.

First, the court agrees that the vocational expert identified jobs that do not correspond exactly with the DOT, and that the ALJ told the vocational expert the "DOT numbers" were not needed for past relevant work. AR 56. Although the undersigned disagrees that both positions are as "readily ascertainable" as the Commissioner suggests, the omission of the DOT numbers alone does not mandate reversal. *See* Doc. 14, at 7.

Next, the ALJ based his conclusion that Plaintiff could perform the jobs of child welfare social worker and human services director as they are actually and generally performed on the vocational expert's response to his hypothetical question, as indicated above. *Id.* at 29-30, 57. Plaintiff correctly notes that the only evidence regarding how either position was *actually* performed stems from Plaintiff's Disability Report, which provides information regarding the job of Human Resources Director. Doc. 13, at 17; AR 173-74. There, she indicated that she lifted 25 pounds frequently, which exceeds the lifting requirement for light work. AR 173; 20 C.F.R. §

404.1567(b). So, the ALJ erred when he found Plaintiff could perform the job as she actually once performed it. The ALJ made no inquiry of the demands of Plaintiff's positions as a child welfare social worker and human services director. *See Sissom*, 512 F. App'x at 769. And, the ALJ erred as there is nothing in the record regarding how Plaintiff actually performed the job of child welfare social worker.

In restating the vocational expert's conclusion, the ALJ "did not analyze Plaintiff's ability to do work-related activities on a function-by-function basis, he did not make any findings about the demands of her past relevant work, either as she actually performed it or as it is generally performed in the national economy, and he did not make any comparison of the demands of her past work with her remaining capabilities." *Hodgson v. Apfel*, No. 98-2067, 1999 WL 46689, at *4 (10th Cir. Feb. 3, 1999) (unpublished op.). Further, "[t]he vocational expert's response to the ALJ's hypothetical did not elaborate on or provide any information regarding the demands of [Plaintiff]s past work, either as [she] actually performed it or as the work is generally performed in the national economy." *McIntire v. Apfel*, No. 97-6181, 1998 WL 31433, at *2 (10th Cir. Jan 28, 1998). Instead, the ALJ simply stated that Plaintiff could do a full range of light work with the exception that she can only occasionally stoop, and concluded she could

perform those jobs that the vocational expert testified carried sedentary exertional levels and SVPs of 7 and 8, respectively. AR 29-30, 57.

"[R]ather than making the required findings about those demands of [P]laintiff's past relevant work that would relate to the particular limitations found, the ALJ simply recited the hypothetical question he posed to the [vocational expert] and the [vocational expert']s response, and then the ALJ made a finding that [P]laintiff could perform" the two jobs the vocational expert identified. *Chappell v. Chater,* No. 95-5191, 1996 WL 597796, at *2 (10th Cir. Oct. 18, 1996) (unpublished op.). Even reviewing for substantial evidence, the court is "not in a position to draw factual conclusions on behalf of the ALJ." *Id.* (quoting *Prince v. Sullivan*, 933 F.2d 598, 602 (7th Cir. 1991)). "[T]he ALJ erred in delegating his fact-finding responsibilities to the [vocational expert], which [the Tenth Circuit has] expressly discouraged." *Sissom¸* 512 F. App'x at 769 (citing *Winfrey*, 92 F.3d at 1025). "Requiring the ALJ to make specific findings on the record at each phase of the step four analysis provides for meaningful judicial review. When, as here, the ALJ makes findings only about [Plainitff]'s limitations, and the remainder of the step four assessment takes place in the [vocational expert]'s head, we are left with nothing to review." *Winfrey*, 92 F.3d at 1025.

The Commissioner's response that "the ALJ noted that Plaintiff's RFC for light work compared favorably with the [vocational expert]'s testimony"

9

overstates the case. Doc. 14, at 5. The undersigned finds that the ALJ failed to make the required phase-two findings and he "erroneously delegated his fact-finding responsibilities to the VE." *Sissom*, 512 F. App'x at 769-70.

"Although the ALJ's RFC determination on remand may or may not be the same, [the undersigned] caution[s] the ALJ to make adequate findings regarding the physical and mental demands of [Plaintiff's past relevant work] . . . . This, in return, will ensure that appellate review of the ALJ's decision is not only possible but meaningful." *Id.* at 769. (citations omitted). The ALJ should address appropriately the step four analysis on remand.

## VI. Recommendation and notice of right to object.

For the reasons discussed above, the undersigned recommends that the court reverse and remand the matter for further proceedings.

The undersigned advises the parties of their right to object to this report and recommendation by the 27th day of July, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 7th day of July, 2014.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE